IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00712-BNB

WILLIAM LEE LORNES THE III, also known as
WILLIAM LEE LORNES, also known as
WILLIAM,

    Plaintiff,

v.

GALARDO,

    Defendants.

ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915
WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

    Plaintiff, William Lee Lornes the III, also known as William Lee Lornes and as William, currently is incarcerated at the Denver County Jail. The caption of this order has been corrected to include his aliases. Mr. Lornes submitted to the Court *pro se* on March 18, 2013, in a legal envelope a number of loose documents, which the Court has made its best efforts to organize on Mr. Lornes' behalf. The papers have been divided into four lawsuits, one of which is the instant action. In this action, Mr. Lornes submitted a Prisoner Complaint (ECF No. 1).

    The Court reviewed the Prisoner Complaint and determined it was deficient. Therefore, on March 19, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Lornes to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims. The March 19 order pointed out that Mr. Lornes failed to submit either the $350.00 filing fee or a Prisoner's Motion and Affidavit

for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. The March 19 order specifically pointed out that the § 1915 motion and affidavit form Mr. Lornes was directed to submit, if he did not pay the full filing fee, must be the current form revised October 1, 2012, with a signed authorization to disburse funds from his inmate trust fund account and a certificate of prison official as to the accuracy of the submitted trust fund account.

On March 29, April 2, April 3, April 11, and April 12, 2013, Mr. Lornes submitted numerous documents. Construing together ECF No. 4 submitted on March 29 and ECF No. 15 submitted on April 2 provides the Court with a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper form revised on October 1, 2012 (ECF No. 15), a certified copy of Mr. Lornes' trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official (ECF No. 4), a signed authorization to disburse funds from his inmate trust fund account (ECF No. 4), and a certificate of prison official as to the accuracy of the submitted trust fund account (ECF No. 4).

Therefore, Mr. Lornes will be granted leave to proceed pursuant to § 1915 based upon ECF Nos. 4 and 15. The § 1915 motions and affidavits (ECF Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, and 33) will be denied as moot.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the case is filed, the statute provides for payment of the

filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid.  However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial filing fee pursuant to § 1915(b)(1).  However, although he need not pay an initial partial filing fee, Plaintiff is required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) through monthly installments as directed in this order regardless of the outcome of this action.  Plaintiff has consented to disbursement of partial payments of the filing fee from his prison account.

Accordingly, it is

ORDERED that Plaintiff, William Lee Lornes the III, is granted leave to proceed pursuant to 28 U.S.C. § 1915 based upon ECF Nos. 4 and 15).  It is

FURTHER ORDERED that the § 1915 motions and affidavits (ECF Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, and 33) are denied as moot.  It is

FURTHER ORDERED that Plaintiff may proceed in this action without payment of an initial partial filing fee.  Plaintiff is required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) through monthly installments as directed in this order regardless of the outcome of this action.  It is

FURTHER ORDERED that Plaintiff's custodian shall disburse from Plaintiff's prison account, in keeping with 28 U.S.C. § 1915(b) if funds are available, monthly

payments of 20 percent of the preceding month's income credited to this prison account until he has paid the total filing fee of $350.00.  See 28 U.S.C. §1915(b)(2).  Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.  It is

FURTHER ORDERED that Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915(A)(b); 28 U.S.C. § 1915(e)(2).  It is

FURTHER ORDERED that monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.  It is

FURTHER ORDERED that the Clerk of the Court shall not issue process until further order of the Court.  It is

FURTHER ORDERED that the Clerk of the Court shall send a copy of this order to the Business Office, Attention Inmate Accounts, at the Denver County Jail.

DATED April 23, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge